Dear Ms. Watson:
Our behalf of the District Attorney for the Sixth Judicial District you have requested an opinion of our office on whether an advertised bid based on "Acquisition Cost" would be in violation of the Louisiana Public Bid Law. The East Carroll Parish Sheriff's Office has initiated a bid process for the purchase of prescription drugs to be furnished to inmates located in the East Carroll Detention Center and Riverbend Detention Center. The anticipated cost of the prescription drugs during the fiscal year will exceed $20,000.00.Bids are scheduled to be opened at 10:00 a.m. Friday, December 19, 2003. The advertised notice issued by the East Carroll Parish Sheriff's Office includes the following language: "The bid proposal should be based on Acquisition Cost. The Sheriffs' Office will have the right to check invoices, upon request, to check prices." Information obtained by your office indicates that bids are evaluated on a percentage or dollar amount over and above acquisition cost. In light of Attorney General Opinion Nos. 95-140 and 02-0122 you have requested our opinion on whether the advertised bid based on "Acquisition Cost" is authorized under the Louisiana Public Bid Law (LSA R.S. 38:2211-2293) and whether the use of an "average wholesale price" is a recognized price index in the purchase of prescription drugs.
Under the Louisiana Public Bid Law, all purchases of any materials or supplies exceeding the sum of twenty thousand dollars to be paid out of public funds shall be advertised and let by contract to the lowest responsible bidder who has bid according to the specifications as advertised. LSA R.S. 38:2212.1. Attorney General Opinion No. 02-0122 specifically opined that purchases of prescription drugs must be aggregated and publicly bid if the total amount of the purchases during the fiscal year exceeds the statutory threshold for bidding. The East Carroll Parish Sheriffs Office has recognized this requirement and has complied by issuing the proper advertisement and notices. However, the requirement that any bid proposal be based on acquisition costs in contrary to the Public Bid Law and Attorney General Opinion No. 95-140.
LSA R.S. 38:2221A specifically provides that no contract shall be let on a cost-plus basis. Attorney General Opinion No. 95-140 related to the proper method of purchasing gasoline when the fiscal year aggregate purchases exceeded the statutory bid threshold. Our office opined that such contracts for supplies with volatile prices may use recognized price indexes for the specific supply. In the case of gasoline one such identifiable index is the Oil Price Information Service or "OPIS". Since all bidders would be paid the same index price for the gasoline regardless of the vendors' actual cost the bid competition occurs solely on the vendor's margin price offered by each bidder. Such a pricing structure avoids the "cost plus" prohibition of R.S. 38:2221.
In the purchase and bidding of prescription drugs the "average wholesale price" (AWP) is an industry recognized and identifiable price index and its use would be an acceptable price index upon which bids for the purchase of prescription drugs can be based. However, attention to the structure of the contract price should take into account the use of generic drugs that necessitates the inclusion of another index such as the Maximum Allowable Cost (MAC). Other price indexes may exist for such purchases and should be evaluated on a case-by-case basis.
It is therefore the opinion of this office that the advertised prescription drug bid based on acquisition cost is a cost plus bid prohibited by R.S. 38:2221 of the Louisiana Public Bid Law and the prescription drug bid should be cancelled and a new bid scheduled. The use of an "average wholesale price" (AWP) and "maximum allowable cost" (MAC) would be identifiable and acceptable price indexes for the purchase of prescription drugs and would not conflict with the statutory prohibition of the cost plus contract.
We trust that this answers your inquiry.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ RICHARD L. MCGIMSEY Assistant Attorney General
RPI/RLM/dam